**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

| | |
|---|---|
| STEVEN KOLL,<br>703 Mount Pleasant Drive<br>Locust Grove, VA 22508<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GARY GENSLER, CHARIMAN<br>U.S. Securities and Exchange Commission<br>Washington, D.C. 20549<br><br>Serve: Merrick Garland<br>Attorney General for the United States<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001<br><br>U.S. Attorney's Office<br>555 Fourth Street, N.W.<br>Washington, D.C. 20530<br><br>　　　　Defendant. | Civil Action No. _____<br><br><br><br>**JURY DEMANDED** |

**COMPLAINT**

**COMES NOW** Plaintiff, Steven Koll (hereinafter "Plaintiff" or "Mr. Koll"), by and through his undersigned counsel, and for his complaint states, as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and the Equal Pay Act of 1963 ("EPA"), as amended, 29 U.S.C. § 206(d), *et seq.*, seeking relief based upon unlawful

1

discrimination of Plaintiff by the U.S. Securities and Exchange Commission ("SEC" or "Agency") on the basis of his sex (male) as set forth below.

## PARTIES

2. Plaintiff is currently domiciled in Locust Grove, Virginia. Plaintiff is a resident of the State of Virginia and is a United States citizen. At all relevant times, Plaintiff was an employee of the SEC, Management Program Analyst, Series 0343, SK-13, SEC Division of Enforcement, Office of the Contract Planning and Oversight, Legal and Technical Branch in Washington, D.C.

3. Defendant Chairman Gary Gensler ("Chairman Gensler") is named in his official capacity as the Chairman of the Securities and Exchange Commission.

4. Chairman Gensler is directly liable for the discriminatory actions or omissions of his agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondent Superior.*

## JURISDICTION

5. This Honorable Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws, or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq.*; and the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d), *et seq.*

6. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

## VENUE

7. Venue is appropriate in this District and based on the fact that the SEC, an Agency of the federal government, operates within the District of Columbia. 28 U.S.C. § 1391.

8. Further, venue is also proper because at all times relevant to the claims made herein, Plaintiff was an employee of the SEC, Division of Enforcement, Office of the Contract Planning and Oversight, Legal and Technical Branch in Washington, D.C. 28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES

9. Plaintiff has exhausted his administrative remedies as follows.

10. On July 19, 2018, Plaintiff initiated contact with the EEO Counselor for informal Equal Employment Opportunity ("EEO") complaint—SEC-00024-2018.

11. On October 15, 2018, the Agency issued Plaintiff a Notice of Right to File a Formal EEO Complaint.

12. On November 5, 2018, Plaintiff filed a Formal EEO Complaint.

13. The Agency accepted two claims for investigation: (i) Beginning in late 2015, and continuing to present, the SEC has denied Complainant equal pay to that of his female counterparts including, but not limited to, several women, within the SEC's Legal and Technical Services Branch, Office of Contract Planning and Oversight, Division of Enforcement; and (ii) On or about May 4, 2018, Stephen Brown, Assistant Director, Talent Acquisition Group, Office of Human Resources, issued a Desk Audit Reconsideration Decision denying Complainant's compensation request.

14. Complainant received the Report of Investigation on May 8, 2019.

15. On May 9, 2019, Plaintiff requested a hearing before the Equal Employment Opportunity Commission ("EEOC").

16. On March 13, 2020, the EEOC assigned Administrative Law Judge Linda Tran ("AJ Tran") and issued an Order of Acknowledgment and Scheduling of Initial Conference.

17. On April 2, 2020, AJ Tran issued a Case Management Order.

18. On July 6, 2020, the Agency timely filed a Motion for Summary Decision.

19. On July 21, 2020, Plaintiff timely filed an Opposition to Agency's Motion for Decision Without Hearing.

20. On January 25, 2022, the EEOC issued a decision without a hearing granting the Agency's Motion for Summary Decision.

21. On March 9, 2022, the Agency issued a Final Agency Decision implementing the EEOC's decision granting summary judgment in favor of the SEC.

22. Plaintiff hereby timely files this action within ninety (90) after the Agency's issuance of the Final Agency Decision.

## FACTS

23. Plaintiff incorporates herein all information and allegations contained in the preceding paragraphs, as if fully set forth herein.

24. At all times relevant to the claims made herein, Plaintiff was an employee of the SEC, Division of Enforcement, Office of the Contract Planning and Oversight, Legal and Technical Branch in Washington, D.C.

25. Plaintiff is male.

26. Plaintiff's first-line supervisor is Daniel Wilson.

27. Mr. Wilson is male.

28. Plaintiff's second-line supervisor is Wanda Armwood.

29. Ms. Armwood is female.

30. At all times relevant to the claims made herein, Plaintiff was a Management Program Analyst, Series 0343, SK-13.

31. Plaintiff was hired as an employee of the SEC on March 24, 2013.

32. Plaintiff transferred into the Management Program Analyst position on or about October 19, 2014.

33. Plaintiff's main duties are that of a Primary Contracting Officer's Representative ("COR").

34. Plaintiff's duties involve serving as the COR in the Agency's Contractor Legal Support program.

35. Duties performed as a Primary COR include, but are not limited to the following: (i) attending weekly meetings with the contractors' employers to assess needs, voice concerns, and discuss requirements; (ii) completing reports; (iii) electronic file management; (iv) managing performance and conduct issues; (v) ensuring Securities and Exchange Commission senior management stakeholders are receiving optimum service; (vi) decision making on requests for overtime, travel, and training; and (vii) reviewing, approving, and/or rejecting invoices; and (viii) adapting to the changing needs of the Commission's stakeholders.

36. Plaintiff performs other duties in addition of his COR duties.

37. Plaintiff's additional duties include, but are not limited to, the following: (i) managing two contracts for litigation and non-litigation printing services; and (ii) serving as the only Alternative Government Purchase Card Approving Official for his office, providing

government card services as well as conducting purchases and maintaining the highest authorized monetary transaction limit within the Division of Enforcement.

38. Plaintiff is one of four employees who perform COR duties in the Agency's Division of Enforcement.

39. At the times relevant to this matter, Nancy McClain, a female, primarily performed COR duties.

40. Ms. McClain is compensated as an SK-0343-14.

41. Ms. McClain's first-line supervisor is Daniel Wilson.

42. Ms. McClain's second-line supervisor is Wanda Armwood.

43. At the times relevant to this matter, Ylonda Howard, a female, primarily performed COR duties.

44. Ms. Howard is compensated as an SK-2210-14.

45. Ms. Howard's first-line supervisor is Daniel Wilson.

46. Ms. Howard's second-line supervisor is Wanda Armwood.

47. At the times relevant to this matter, Kathy Stewart, a female, primarily performed COR duties.

48. Ms. Stewart is compensated as an SK-2210-14.

49. Ms. Stewart's first-line supervisor is Daniel Wilson.

50. Ms. Stewart's second-line supervisor is Wanda Armwood.

51. Plaintiff's first-line supervisor, Daniel Wilson, asserted in sworn testimony that Plaintiff did substantially similar work to that of Ms. Howard.

52. Plaintiff's first-line supervisor, Daniel Wilson, asserted in sworn testimony that Plaintiff did substantially similar work to that of Ms. Stewart.

53. Plaintiff's second-line supervisor, Wanda Armwood, asserted in sworn testimony that Plaintiff did substantially similar work to that of Ms. Howard.

54. Plaintiff's second-line supervisor, Wanda Armwood, asserted in sworn testimony that Plaintiff did substantially similar work to that of Ms. Stewart.

55. Plaintiff's second-line supervisor, Wanda Armwood, asserted in sworn testimony that Plaintiff did substantially similar work to that of Ms. McClain.

56. The Defendant has denied Complainant equal pay to that of three females—Ms. McClain, Ms. Howard, and Ms. Stewart—despite all persons performing substantially similar work.

57. On January 26, 2018, Defendant completed a desk audit for Plaintiff's position as a Management and Program Analyst, SK-0343-13.

58. The January 26, 2018, desk audit concluded that Plaintiff's position was classified as an SK-0343-13.

59. The January 26, 2018, desk audit declined to take into consideration that Ms. McClain, Ms. Howard, and Ms. Stewart executed the same or substantially similar duties as Plaintiff while being compensated at a GS-14 grade.

60. On February 20, 2018, Plaintiff requested reconsideration to non-competitively promote his position to Management and Program Analyst, SK-0343-14—the same grade level as

Ms. McClain, Ms. Howard, and Ms. Stewart—because he executed substantially similar duties.

61. On May 4, 2018, Defendant, by and through Stephen Brown, Assistant Director, Talent Acquisition Group, Office of Human Resources, issued a Desk Audit Reconsideration Decision denying Complainant's compensation request of an increase to the Management and Program Analyst, SK-0343-14.

62. Defendant, through its May 4, 2018, Desk Audit Reconsideration Decision, declined to increase Plaintiff's compensatory GS grade to that equal of Ms. McClain, Ms. Howard, and Ms. Stewart, despite Plaintiff executing substantially similar duties.

63. As a result of Defendant denying to compensate Plaintiff equally to three female, despite his executing substantially similar work, Plaintiff has suffered, and will continue to suffer, irreparable loss and injury, including but not limited to, pain and suffering, physical injury and sickness, economic loss, humiliation, embarrassment, indignity, mental and emotional distress, and the deprivation of his rights to equal employment opportunity.

64. Through the actions of Defendant's employees, agents, and/or representatives described above, Defendant acted intentionally, maliciously, oppressively, and with willful, callous, wanton, and reckless disregard for Plaintiff's rights, without Plaintiff in any way contributing thereto.

## COUNT ONE

**(VIOLATIONS OF THE EQUAL PAY ACT OF 1963, AS AMENDED, 29 U.S.C. § 206(d))**

65. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1-64 as if fully set forth herein.

66. The Equal Pay Act provides that an employer shall not discriminate "between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate [paid] . . . to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . ." 29 U.S.C. 206(d)(1) (1978).

67. Plaintiff is a member of a protected class as he identifies as a male.

68. Plaintiff primarily performs COR duties in his position as a Management and Program Analyst, SK-0343-13.

69. Plaintiff performs substantially similar work to that of three females, Ms. McClain, Ms. Howard, and Ms. Stewart, where all persons primarily perform COR duties as part of their position with the SEC.

70. Ms. McClain, Ms. Howard, and Ms. Stewart are compensated at a higher pay grade, GS-14, than Plaintiff.

71. On January 26, 2018, Plaintiff requested the Defendant increase his compensation equal to his female counterparts, at the GS-14 grade.

72. On May 4, 2018, the Defendant denied Plaintiff's request for equal pay.

73. As a government agency, the SEC must comply with the Equal Pay Act.

74. The foregoing actions by Defendant constitute discrimination against the Plaintiff because of his sex, in violation of the Equal Pay Act.

75. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to humiliation, pain and suffering, emotional distress, medical costs and treatment, and other financial losses.

76. By reason of Defendant's discrimination on the basis of sex, Plaintiff is entitled to all legal and equitable remedies available for violations of the Equal Pay Act, including back pay, front pay, and compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress, prejudgment interest, attorneys' fees, expenses, costs, and costs of the action.

## COUNT TWO

### (VIOLATION OF TITLE VII—DISCRIMINATION ON THE BASIS OF SEX)

77. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1-76 as if fully set forth herein.

78. Title VII prohibits discrimination on the basis of sex in employment and protects employees engaging in statutorily protected activity.

79. Where a Plaintiff has established a *prima facie* case of sexual discrimination under the Equal Pay Act, 29 C.F.R. § 1620.27 permits a wage discrimination claim based on sex to be brought under the Equal Pay Act and Title VII simultaneously.

80. 29 C.F.R. § 1620.27 specifically states that in instances where the jurisdictional requirements of both the Equal Pay Act and Title VII are met, any violation of the EPA is also a violation of Title VII. *Wong v. National Aeronautics and Space Administration*, EEOC Appeal No. 07200600331 (June 06, 2008).

81. Therefore, the foregoing actions by Defendant constitute discrimination against the Plaintiff because of his sex, in violation of Title VII on the basis of sex.

82. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and

continues to suffer harm, including but not limited to humiliation, pain and suffering, emotional distress, medical costs and treatment, and other financial losses.

83. By reason of Defendant's discrimination on the basis of sex, Plaintiff is entitled to all legal and equitable remedies available for violations of Title VII, including back pay, front pay, and compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress, prejudgment interest, attorneys' fees, expenses, costs, and costs of the action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Enter a declaratory judgment finding that the foregoing actions of Defendant violated the Equal Pay Act.

b. Enter a declaratory judgment finding that the foregoing actions of Defendant violated Title VII.

c. Award compensatory damages;

d. Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct, including back pay and benefits, with interest, loss of promotional potential, reputation, lost wages, and lost job benefits he would have received but for Defendant's unlawful conduct;

e. Award any out-of-pocket expenses incurred as a result of Defendant's unlawful conduct;

f. Award reasonable attorneys' fees, costs, and expenses incurred for this action;

g. Require Equal Employment Opportunity training for the responsible Agency officials;

h. Award equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

j. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

k. As the continued employment of the supervisors responsible for the actions alleged herein, without training in equal employment opportunity law, rules and regulations, represents a clear and present danger to the employees of Defendant which could result in further illegal actions on the part of Defendant, by and through its agents, servants, and employees, Plaintiff requests all equitable relief which can be afforded to him under the law.

## JURY DEMAND

84. Plaintiff demands a trial by jury of all issues in this case so triable.

Date: June 7, 2022                                                  Respectfully submitted,

*/s/ Stephanie Rapp-Tully*

Stephanie Rapp-Tully (D.C. Bar 1016900)
TULLY RINCKEY, PLLC
2001 L Street NW, Suite 902
Washington, D.C. 20036
T: (202) 787-1900
E: SRappTully@fedattorney.com
*Counsel for Plaintiff*